UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**Hon. Hugh B. Scott**

10CR184S

**Order**

ANTONIO BRIGGS, et al.,

Defendants.

Before the Court is the Government's motion to reconsider the Order (Docket No. 362) compelling production of unredacted version of certain wiretap applications and Orders (Docket No. 376[1]). Familiarity with the Order sought to be reconsidered (Docket No. 362) and previous discovery Orders in this prosecution is presumed. Responses to this motion were due by March 6, 2012, and the motion was submitted (without oral argument) as of that date (Docket No. 378). Defendants jointly moved for extensions of time to respond (Docket Nos. 384, 392) which was granted, giving them until March 15, 2012, to respond (Docket No. 393), which defendants again jointly[2] did (Docket No. 396).

Also pending are various objections and appeals to prior decisions of this Court (see Docket No. 374) or the parties sought extension of time to appeal (see Docket Nos. 368, 369 (Government motions for stay pending appeal and for extension of time to move to reconsider),

---

[1] The Government initially filed this motion, Docket No. 375, but it was unsigned.

[2] Included among the responding defendants was Justin McTigue, Docket No. 396. This Court has recused as to McTigue, Docket No. 401.

364, 372 (joint defense motions); Docket Nos. 365 (Order granting defense motion), 370 (Order granting Government's motion extending time to move), 371 (Order granting stay pending appeal), 373 (scheduling Order)).

BACKGROUND

This arises in an alleged criminal conspiracy to distribute cocaine and cocaine mixture (Docket No. 202, 3d Superseding Indict.). Defendants sought unredacted versions of the wiretap applications and Orders and the Government refused, arguing the safety of the confidential informants (see generally Docket No. 362, Order of Jan. 18, 2012, at 2-4). This Court ordered the Government to produce unredacted versions of these documents (id. at 5-6[3]).

The Government now seeks reconsideration of this Order, contending that this Court failed to appropriately balance the Government's interest in protecting the identities and security of its informants and uncharged defendants, and that this Court failed to address the burden defendants had under Rovairo v. United States, 353 U.S. 53 (1957), to overcome the Government's privilege against disclosing the identity of informants required by this disclosure (Docket No. 376, Gov't Memo. at 2, 6). The Government remains steadfast to its contentions that the identity of these informants and uncharged defendants needs to be preserved for their safety and security, hence the wiretap applications and Orders were redacted to preserve their safety and security (id. at 4-5).

---

[3]This Order also ordered production of defendant John Cruz' recorded conversations he had with his girlfriend while he was in the Niagara County Jail, Docket No. 362, Order of Jan. 18, 2012, at 6-9. The Government does not object to this portion of the Order, Docket No. 376, Gov't Memo. at 1 n.1.

In addition to moving for reconsideration, the Government served supplemental discovery consisting of a new redacted version of the wiretap applications and wiretap Orders. These documents had fewer redactions than were in its initial disclosure. (Id. at 8; See letter of Assistant U.S. Attorney Mary Baumgarten to defense counsel, Chambers, Feb. 21, 2012 (cover letter for produced redacted documents); see also letter of Assistant U.S. Attorney Baumgarten to Chambers, Feb. 21, 2012 (cover letter for unredacted documents)). For comparison purposes, the Government again submitted in camera the unredacted applications and Orders. The new redactions eliminate the names of non-party confidential informants, uncharged defendants, and other sources, their telephone numbers and other identifiers. In one application, for example, the Government also redacts the birth dates and Social Security numbers of interceptees (both defendants and others). The Government includes statements by Ard to unidentified informant(s) that were redacted from the initial production.

Defendants counter that the Government failed to articulate the standard for reconsideration and, applying the standard of this Court from United States v. Amanuel, No. 05CR6075, 2006 WL 266560, at *1 (W.D.N.Y. Jan. 31, 2006), the Government failed to either provide any legal argument why the decision was erroneous or raise factual issues overlooked by this Court (Docket No. 396, Defs. Memo. at 2-3). They deny the Government's asserted informer's privilege to authorize redactions made by the Government generally (id. at 3-5), arguing on several grounds for full disclosure of the unredacted warrant and wire tape applications, including Rule 16 and Title III requirements (id. at 5-7). They do not consider the amended redactions the Government proposes to serve instead of the initial discovery provided.

DISCUSSION

I.     Reconsideration Standard

The Federal Rules of Criminal Procedure makes no express provision for reconsideration. Judge Larimer in another case held that the Magistrate Judge there had the "discretion to reconsider or reopen prior proceedings which precipitated" the Magistrate Judge's decision, United States v. Florack, 155 F.R.D. 49, 51 (W.D.N.Y. 1994). In Florack, the Government sought reconsideration (pursuant to then Federal Rule of Criminal Procedure 12(f)[4]) by Magistrate Judge Fisher of his refusal to allow the Government to argue an otherwise defaulted suppression motion, id. at 50-51; see id. at 51-52 (Report & Rec. of Fisher, Mag. J.). Judge Siragusa of this Court held in Amanuel, supra, 2006 WL 266560, at *1 (W.D.N.Y. Jan. 31, 2006), that the civil standard for reconsideration is applicable in criminal cases, that the standard for reconsideration is "strict" and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," id. (internal quotations and citations omitted) (see Docket No. 396, Defs. Memo. at 2).

II.     Application

As defendants note, the Government points to no legal error for reconsideration. The only new facts asserted by the Government are its revised redactions and expressly noting the efforts of the families of some defendants in the summer of 2010 to try to identify informants, with family members meeting, comparing information with already disclosed information to learn identities and retaliate against them (Docket No. 376, Gov't Memo. at 5-6). Although this

---

[4] Now, in part, Federal Rule of Criminal Procedure 12(e).

representation that the informants face tangible danger and even with the revised redacted version of the applications the Government proposes to disclose, this Court **denies reconsideration** of its prior Order.

Under Roviaro, the Government has a privilege to withhold disclosure of the identity of informants (see Docket No. 376, Gov't Memo. at 2-3), "the purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation," 353 U.S. at 59. The scope of this privilege is limited; "thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged," id. at 60. This privilege is also limited by "the fundamental requirements of fairness," that is "where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way," id. at 60-61. The examples the Roviaro Court cites for disclosure is where an anonymous informant is used as the source of probable cause for a warrantless search or where the informant was helpful in setting up the commission of the crime and was present at its occurrence, id. at 61-62. This Court needs to balance "the public interest in protecting the flow of information against the individual's right to prepare his defense," id. at 62. The identity of an informant is provided if the informant is a key witness or a participant in the crime charged, United States v. Saa, 859 F.2d 1067, 1073 (2d Cir. 1988) (id. at 3). The Government argues that participation by the informant in the offense

and relevance of the information has to be plead by the defendant before the informant is identified (id.).

The original Order made that balance and found that the initial redactions deleted so much information that defendants could not prepare their defense, particularly Ard and his redacted statements. The revised redactions produce Ard's statements made to the unidentified persons, meeting the Court's chief objection to the first version of the redaction (cf. Docket No. 362, Order of Jan. 18, 2012, at 5-6). But even with reduced quantity of redactions, defendants still do not have material helpful for their defense or disclosure of Title III recordings and their background documents the Government intends to introduce at trial. But to meet the Government's safety concern, disclosure of this material is to be **attorney's eyes only**.

The Government may retrieve the unredacted and newly redacted documents submitted to the undersigned.

## CONCLUSION

For the reasons stated above, the Government's motion for reconsideration (Docket No. 376) of the Order (Docket No. 362) compelling production of unredacted versions of wiretap applications and Orders is **denied**. The Government is to produce but for **attorney's eyes only**.

The Government shall arrange to retrieve submitted documents from the Chambers of the undersigned.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      April 10, 2012