UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ANTONIO BRIGGS,
WILL JOHNSON, et al.,

Defendants.

**Hon. Hugh B. Scott**

10CR184S

**Order**

Before the Court is the Government's motion for determination of conflict of interest for defendant Will Johnson and his present counsel (Docket No. 428), see United States v. Williams, 372 F.3d 96 (2d Cir. 2004) (Court is obligated to conduct inquiry into potential conflicts). Defense counsel responded (Docket No. 435), stating that he was not aware of any conflict with his representation of Johnson and a confidential witness (hereinafter "C.W."), cooperating with law enforcement due to pending charges in this Court against C.W. (id., Def. Atty. Dep. ¶¶ 4-5, 2). After argument of this motion (text minute entry July 9, 2012), further proceedings wherein the Government submitted under seal information regarding the purported conflict (text minute entry July 18, 2012; see also Docket Nos. 445, 446), another proceeding when standby counsel was appointed (text minute entry Aug. 1, 2012), and a Curcio[1] hearing with Johnson (text minute entries Aug. 8, 2012, and Aug. 24, 2012), a second Curcio hearing was scheduled and then reset (see text minute entries Aug. 8, 2012, and Aug. 24, 2012; Docket No. 473) with the C.W. Johnson indicated at these proceedings that he wished to retain his counsel (see text minute entry Aug. 24, 2012). The Government then filed under seal an affidavit (Docket No. 476), to which

---

[1]United States v. Curcio, 680 F.2d 881 (2d Cir. 1982).

defense counsel and appointed stand by counsel were to respond by October 10, 2012 (Docket No. 477), and this motion was deemed submitted without further argument on October 10, 2012 (Docket No. 477); defense counsel did not file a response. The second Curcio proceeding was not held with C.W.

This case is conspiracy to distribute controlled substances money laundering prosecution involving over twenty codefendants. Johnson is represented by Thomas Eoannou in this action, retained in this action (see Docket No. 358). Mr. Eoannou also represents C.W.

During questioning of C.W. by law enforcement, C.W. discussed knowing Johnson from growing up with him. DEA Task Force officer then contacted Eoannou and asked if C.W.'s interview should continue regarding drug activities of Johnson and other defendants in the Briggs case but Eoannou said that he would rather that the agents not question C.W. further on that topic. (Docket No. 445, Gov't Atty. 1st Sealed Aff. ¶ 3.) The Government then states that C.W. wishes to continue cooperating with the Government and that C.W. may have information that would be of assistance regarding drug trafficking alleged in the Briggs case, but the continued representation by Eoannou may impact C.W.'s ability to cooperate further (id. ¶ 4). The Government gave as an example of the conflict the restrictions on Eoannou in cross examining C.W. in Johnson's trial if C.W. was called as a prosecution witness (id.). The Government then urged that this Court engage Johnson in a Curcio inquiry to see if he knowingly and intelligently waives this potential conflict of interest (id. ¶ 5).

The Government believes that a conflict exists from Eoannou telling C.W. not to continue speaking with law enforcement officers regarding Johnson (Docket No. 446, 2d Gov't Atty. Aff. under Seal ¶ 3).

At the appearance on September 14, 2012, when C.W. was to have the second Curcio hearing, not all counsel were present and the matter initially was adjourned (Docket No. 476, 3d Gov't Atty. Aff. under Seal ¶ 3; Docket No. 473). As counsel for the Government left the courtroom, C.W. approached counsel for the Government and expressed safety concerns because individuals from C.W.'s neighborhood were present in and around the courtroom (Docket No. 476, 3d Gov't Atty. Aff. under Seal ¶ 3). After September 14, 2012, C.W. repeated these safety concerns because C.W. was advised that C.W. had been threatened by associates and family members of Johnson, and C.W. saw Johnson family members in and around the courtroom (id. ¶ 4). Believing that C.W. was identified in the neighborhood as a "snitch" due to the public proceedings, C.W. wanted the next appearance without notice to families and defendants (id.).

DISCUSSION

Under New York Rules of Professional Conduct, a lawyer shall not represent a client if a reasonable lawyer would conclude that "the representation will involve the lawyer in representing differing interests," § 1200.0 Rules of Professional Conduct, Rule 1.7(a)(1) (2009). Where a conflict of interest between an attorney and his client is potential, this Court may in its discretion disqualify that counsel based upon the Court's "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them," Wheat v. United States, 486 U.S. 153, 160 (1988); see also United States v. Sullivan, 381 F. Supp. 2d 120 (W.D.N.Y. 2005) (Larimer, J.). In Sullivan, Judge Larimer found an actual conflict existed where defense counsel represented two defendants, when one defendant intended to cooperate with the Government and testify

3

against the second and the second defendant had "taken steps to threaten a potential witness against" the first defendant, 318 F. Supp. 2d at 121, 122. A conflict relating to an attorney's prior representation of a witness is generally waivable, United States v. Perez, 325 F.3d 115, 127 (2d Cir. 2003).

Curcio requires this Court to address a defendant with a waivable potential conflict of interest to "(1) advise the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of questions that re likely to be answered in narrative form, whether the defendant understands the risks of representation by his present counsel and freely chooses to run them," Perez, supra, 325 F.3d at 119; Curcio, supra, 680 F.2d at 888-90.

Here, Johnson was repeatedly advised of his right to representation free of the potential conflict. This Court was also about to advise C.W. of the same right, but C.W.'s Curcio proceeding was not held for the reasons stated in the Government's sealed affidavit alleging safety concerns for C.W. Johnson was advised of the dangers of this dual representation by Eoannou. Johnson conferred both with Eoannou as well as appointed standby counsel. With the delays in setting, and then aborting, the Curcio proceeding for C.W., Johnson has received adequate time to consider his options.

Regardless, due to the allegations of threats made to C.W., if C.W. comes forward or is identified as a Government informant in this case, Eoannou's continued representation of both

4

C.W. and Johnson goes from a potential to an actual conflict. Such a conflict is **not waivable** by either client as the interests of Johnson and C.W. diverge with "respect to a material factual or legal issue or to a course of action," Cuyler v. Sullivan, 446 U.S. 335, 356 n.3 (1980); United States v. Fulton, 5 F.3d 605, 609 (2d Cir. 1993). Thus, the failure to have a Curcio colloquy with C.W. is of no moment given the actual conflict presented to this Court. Alternatively, this Court **rejects Johnson's waiver of a conflict** since continuing this representation "jeopardizes the integrity of judicial proceedings," Perez, supra, 325 F.3d at 125, in this case.

## CONCLUSION

For the reasons stated above, the Government's motion for determination of a conflict (Docket No. 428) is determined as follows. This Court finds that **an actual, non-waivable conflict exists between defendant Will Johnson in this action and his present counsel, Thomas Eoannou. Johnson shall appear on Monday, October 29, 2012, 2 pm**, in the Genesee Courtroom, 6th Floor, Robert H. Jackson United States Courthouse, before the undersigned, for an Attorney Appointment proceeding. Mr. Eoannou also shall appear at this conference until new counsel is retained.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      October 15, 2012